Aguiar, J.
This appeal raises the issue of whether the court erred in finding non-integration of a contract and subsequent allowance of oral testimony to define the missing terms of a contract.
We find there was no error. -
This appeal raises a further issue of whether the court erred in finding that defendant had acknowledged plaintiffs right to return of the deposit but still refused to do so constituted a knowing and/or willful violation of chapter 93A warranting awarding of double damages and attorney’s fees to plaintiff.
We find there was no error.
There was a contract between the parties to perform landscape services. Defendant drew up the contract. No date was set in the contract for starting the work. A deposit of half the money was required. Plaintiff testified that the defendant told him orally that work would begin within seven to ten days after the deposit was made. Plaintiff paid the deposit ($2,423.75) on or about May 8, 1993. During the week of May 23,1993 plaintiff became concerned by the fact that the work had not begun and called defendant to find out why. On June 3,1993 plaintiff asked for the return of his deposit. Defendant refused to give back the deposit.
Defendant argues that the Parol Evidence Rule bars oral evidence because of the written contract and that there is nothing in the contract about the return of the deposit if plaintiff changed his mind.
The court found that the written contract between the parties was not the full and entire expression of their agreement and that defendant had promised work would begin within seven to ten days after the deposit was made. The court further found that defendant breached the contract by failing to perform within the stated period and that defendant violated chapter 93A in failing to return plaintiff’s deposit and that this violation was willful.
Judgement was entered against defendant for $4,847.50 which represented double the breach of contract award of $2,423.75, plus interest of $1,564.00 and attorney’s fees of $3,931.74. The action against Thomas and Sharon Cravenho personally was dismissed.
The Parol Evidence Rule only operates to bar admission of oral testimony when the oral testimony contradicts a written term of the instrument or if the instrument contains a merger clause clearly indicating that the writing expresses that full intent of the parties. Neither requirement is met in this case. The law provides for *97 the trier of fact to construe the terms of a contract in the light more favorable to the party who did not draft the written instrument.
The law clearly recognizes breach of contract as an underlying legal transaction for which a 93A action may lie. Madan v. Royal Indemnity Co., 26 Mass. App. Ct. 756, 532 N.E. 2d 1214.
Because defendant breached the contract, plaintiff was free to refuse service, which he did on June 3,1993. Without a liquidated damages clause in the contract, defendant had no authority to retain the deposit and its refusal to return plaintiffs funds was clearly a violation of chapter 93A
One key piece of evidence the court looked to in finding a willful violation, which was footnoted in his finding of fact, was the following statement by defendant to plaintiff, ‘Tell your pea brained lawyer that I may have to give you back your money, but it’s going to cost you.”
This statement speaks for itself as evidence of defendant’s willful intent to violate chapter 93A
There was substantial evidence for the judge to make the factual findings that he made. There was no abuse of the court’s discretion.
For all of the above reasons we find there was no error and the appeal is dismissed.